# IN THE COURT OF APPEALS OF IOWA

_____

No. 26-0145
Filed April 29, 2026

_____

**In the Interest of K.S., Minor Child,**

**L.B., Mother,**
Appellant,

**J.S., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Worth County,
The Honorable Elizabeth Batey, Judge.

_____

**AFFIRMED ON BOTH APPEALS**

_____

Matthew B. De Jong, Rochester, Minnesota, attorney for appellant father.

Jesse Marzen of The Lawyers, PLLC, Hampton, attorney
for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Danielle M. Ellingson of Noah, Smith, Sloter & Ellingson PLC, Charles
City, attorney and guardian ad litem for minor child.

_____

1

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J. Dissent by Schumacher, J.

**CHICCHELLY, Judge.**

A mother and father separately appeal the juvenile court's adjudication of K.S., born in 2010, as a child in need of assistance (CINA). They both argue the State failed to prove grounds for such adjudication under Iowa Code section 232.96A(3)(b) (2025) by clear and convincing evidence. Upon our review, we affirm the juvenile court's order adjudicating K.S. to be a CINA.

## BACKGROUND FACTS AND PROCEEDINGS

The family came to the attention of the department of health and human services (HHS) in May 2025 when the mother and father were stopped by law enforcement. During the traffic stop, the father appeared to be under the influence of methamphetamine or another controlled substance. The Iowa state trooper who conducted the stop testified the father had exaggerated reflexes and appeared restless, talkative, and irritable. He also performed poorly during field sobriety testing. In the same stop, the mother was the passenger. When searched by the trooper, two methamphetamine pipes and methamphetamine were found on her person.

HHS began an investigation after this incident. When the parents were interviewed, they alleged the methamphetamine had been planted by the trooper. The mother acknowledged a history of methamphetamine use but said she was clean for a period of years. When drug tested by HHS, her screening was not positive for any controlled substance. Neither parent was able to identify child-care plans during the time they were stopped by law enforcement. The child was at home during this time.

Based on this, the State filed a petition alleging K.S. to be a CINA under Iowa Code section 232.96A(3)(b), (14), and (16)(d). The juvenile

court held an adjudication hearing in October 2025 and adjudicated the child to be a CINA under section 232.96A(3)(b). Then on January 5, 2026, the juvenile court held a disposition hearing. Subsequently, the juvenile court confirmed the CINA finding and ordered the family to continue to participate in services. The mother and father now separately appeal.

## STANDARD OF REVIEW

We review CINA proceedings de novo. *In re D.D.*, 955 N.W.2d 186, 192 (Iowa 2021). We give weight to the juvenile court's findings but are not bound by them. *Id.* "[O]ur principal concern is the best interests of the child." *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017).

## DISCUSSION

The parents both challenge the grounds supporting the CINA adjudication. To meet its burden, the State had to show by clear and convincing evidence that the parents failed to exercise a reasonable degree of care in supervising the child. *See In re N.C.*, 952 N.W.2d 151, 153 (Iowa 2020). Specifically, the State had to show the "child has suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent[s] . . . to exercise a reasonable degree of care in supervising the child." Iowa Code § 232.96A(3)(b).

Upon our review, we find the State proved the grounds for adjudication as to both parents by clear and convincing evidence. During the traffic stop that kickstarted this CINA case, both parents were found in close proximity to methamphetamine. The mother was in direct possession of those drugs. The father was arrested for operating while intoxicated and refused drug testing when requested by the trooper. The father's methamphetamine use establishes an imminent risk of harm to the child. *See In re J.P.*, No. 19-1633,

4

2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) ("A parent's methamphetamine use, in itself, creates a dangerous environment for children."). The mother's possession of methamphetamine while testing negative for use is nonetheless equally concerning. She was in possession of a large amount of methamphetamine and drug paraphernalia. We agree with the district court's finding that this amounts to a "dealer quantity" and its conclusion that the parents were likely "engaged in the use and/or distribution of methamphetamine." As we have said before, "Methamphetamine is a scourge." *In re K.L.*, No. 17-0346, 2017 WL 2465817, at *1 (Iowa Ct. App. June 7, 2017). And during this time, the parents were not supervising the child nor had they obtained responsible child care. Accordingly, we find the State proved by clear and convincing evidence that K.S. "was imminently likely to suffer harmful effects" as a result of both parents' failure "to exercise a reasonable degree of care in supervising the child." *See* Iowa Code § 232.96A(3)(b).

## CONCLUSION

Because we find the State proved grounds for adjudication by clear and convincing evidence, we affirm the juvenile court's order finding K.S. to be a CINA under Iowa Code section 232.96A(3)(b).

**AFFIRMED ON BOTH APPEALS.**

Greer, P.J., concurs; Schumacher, J., dissents.

**SCHUMACHER, Judge** (dissenting).

I respectfully dissent from the majority opinion that determined the State met its burden of proof to adjudicate K.S. under Iowa Code section 232.96A(3)(b) (2025).

As noted by the majority, the vehicle the father was driving was stopped for speeding in May 2025. The mother was a passenger in the vehicle. As a result of that stop, the father was charged with operating while intoxicated. About a month after the stop, the mother was charged with possession with intent to distribute methamphetamine, arising out of the same May incident. The State filed a child-in-need-of-assistance (CINA) petition in July 2025. Following an adjudication hearing held in October 2025,[1] K.S. was adjudicated a CINA under one ground, Iowa Code section 232.96A(3)(b).[2] K.S. was not removed from parental custody.

The juvenile court may adjudicate children as CINA under section 232.96A(3)(b) if they have suffered or are imminently likely to suffer harmful effects of the failure of the children's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the children. "Harmful effects" means "harm to a child's physical, mental, or social well-being" or an imminently likelihood that such harm will occur. *See In re J.S.*, 846 N.W.2d 36, 41–42 (Iowa 2014).

---

[1] The delay in the adjudication hearing was attributed to a lack of available attorneys to represent the parents.

[2] The petition requested adjudication on two other grounds. Those grounds were dismissed in the adjudication order.

We will uphold an adjudicatory order only if there is clear and convincing evidence supporting the statutory grounds cited by the juvenile court. Evidence is "clear and convincing" when there are no "serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

We have affirmed the adjudication of older children under this section when a parent, guardian, custodian, or other member of the household has failed to provide reasonable supervision. *See In re A.S.*, No. 12-1885, 2013 WL 103567, at *2–3 (Iowa Ct. App. Jan. 9, 2013). In *A.S.*, the mother tested positive for methamphetamine, and the adjudicated child had displayed troubling issues, such as violence against a disabled sibling. *Id*. at *1–2. The violence was documented in police reports, as the child's behavior required intervention by law enforcement. *Id*. That type of proof is void in the instant appellate record.

In *In re M.H.*, 444 N.W.2d 110, 112–13 (Iowa Ct. App. 1989), our court upheld a failure-to-provide-reasonable-supervision CINA adjudication because the family's history was marked by instability and variety of factors pointed to need for State intervention, including denial of medical attention and an unclean home.[3]

Our court has also upheld a dismissal of the State's petition seeking adjudication for an allegation of failure to provide a reasonable degree of care, although drug paraphernalia was located inside the home, including items with methamphetamine residue and marijuana residue, when the mother tested negative for drugs. *In re A.G.*, No. 16-0673, 2016 WL 3271850, at *1,

---

[3] This chapter of the Iowa Code was re-numbered in 2022 legislation, effective July 1, 2022.

*3–4 (Iowa Ct. App. June 15, 2016). The children did not report any concerns about drug use by their mother. *Id.* at *1.

Concerning the instant appeal, at the time of the May 2025 traffic stop, K.S. was not in the car. And K.S.'s mother, while later charged with possession of methamphetamine with intent to distribute, was allowed to drive away from the scene of her husband's arrest in their vehicle.[4] She provided a drug screen which was negative for any illegal substances.

K.S., born in June 2010, was fifteen years old and a sophomore in high school. She was doing well in school and there were no reports of neglect. K.S. was reported as healthy. The family home was reported as safe for a teenager by the department of health and human services. K.S. denied ever seeing drugs in the home and reported no concerns about her parents.[5] At the adjudication hearing, when asked to identify an incident where the parent had failed to exercise a reasonable degree of care pertaining to K.S., the case manager indicated she "did not have a specific incident."[6]

Having methamphetamine in a vehicle, whether or not a child is present, is alarming. But the adjudication of K.S. as a CINA under this specific section, Iowa Code section 232.96A(3)(b), should be reversed. The

---

[4] The mother's charges were dismissed on November 17, 2025, after the adjudication hearing of October 27, 2025.

[5] The guardian ad litem noted in her closing statement that because there were no concerns in the home that she really didn't know if there was enough for adjudication.

[6] The worker did also testify that she was concerned about methamphetamine being in the vehicle with the parents and that it was "faulty thinking" that having that amount of methamphetamine "doesn't impact a child or a family because nothing negative or bad has happened."

record does not support a finding that K.S. has suffered or is imminently likely to suffer harmful effects of the failure of the child's parent, guardian, custodian, or other member of the household in which the child resides to exercise a reasonable degree of care in supervising the children. While under certain facts, older children may be adjudicated under this section, on this appellate record, there is a lack of clear and convincing evidence that K.S. fits this definition.